**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **TERRY L. GIDDENS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 1:24 CV 175** |
| ) | |
| **SORTERA TECHNOLOGIES, INC.,** ) | |
| **f/k/a SORTERA ALLOYS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION and ORDER

Before the court is defendant's motion for summary judgment on plaintiff's

claims of race discrimination and retaliation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq.* (DE # 16.) For the reasons set forth below, the motion is

granted.

## I.    BACKGROUND

Defendant Sortera Technologies, Inc., produces metal alloys for domestic

manufacturing at its plants in Indiana. (DE # 18, Def.'s Stmt. Material Fact ¶ 1.)[1]

Defendant employed plaintiff Terry L. Giddens, Jr., from December 6, 2021, to March

17, 2023. (*Id.* ¶¶ 2-3.) Plaintiff is African-American. (*Id.* ¶ 4.) On August 29, 2022,

plaintiff was promoted to Lead for first shift, which increased his pay from $21.00/hour

to $23.00/hour. (*Id.* ¶ 11.)

---

[1] Plaintiff explicitly concurs with paragraphs 1-45 of defendant's Statement of
Material Facts. (DE # 25 at 1.)

Plaintiff claims that during his employment he told a supervisor that he felt that reprimand and attendance policies were not implemented the same way for black employees and white employees. (DE # 18 at 47, Pl. Dep. 62.) He also told his supervisors that other employees felt it was unfair that white employees were being sent to a particular plant location before black employees. (DE # 18 at 33-34, Pl. Dep. 31-32.)

Defendant claims that between September 2022 and December 2022, it received reports from other employees regarding plaintiff's abrasive behavior, including disrespect, name-calling, making tasks difficult, and creating a toxic and uncomfortable work environment. (DE # 18, Def.'s Stmt. Material Fact ¶ 24.) Defendant claims that plaintiff was verbally counseled on multiple occasions regarding this conduct by Ron Current, Robert Handel (Pilot Facility Manager), and Lu Ann McConnehey (director of Human Resources). (*Id.* ¶ 25.) On March 14, 2023, Manuel Garcia, Jr. (Vice President of Applied Science) reported in writing to McConnehey that plaintiff prevented the team from starting production and his actions demonstrated insubordination. (*Id.* ¶ 27.) On March 15, 2023, Matt Gevers (Director of Engineering) reported in writing to McConnehey that plaintiff was disrespectful and argumentative and created a negative environment for co-workers. (*Id.* ¶ 28.) On March 17, 2023, plaintiff met with McConnehey, Handel, and Gevers to discuss his behavior. (*Id.* ¶ 29.) Defendant terminated plaintiff's employment that same day. (*Id.* ¶ 30.)

2

Plaintiff sued in state court, alleging discrimination on the basis of race,[2] and retaliation for engaging in protected activity, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (DE # 4.) Defendant removed the case to federal court. (DE # 1.) After discovery, defendant moved for summary judgment. (DE # 16.) The motion is fully briefed and ripe for ruling. (DE ## 24, 26.)

## II.    LEGAL STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

---

[2] Plaintiff also raised an age discrimination claim in his complaint, but he has since abandoned that theory. (DE # 24 at 8.)

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995).

## III. DISCUSSION

Title VII prohibits intentional discrimination in employment on the basis of statutorily proscribed factors, such as race. 42 U.S.C. § 2000e. In this case, plaintiff claims that defendant: (A) discriminated against him by terminating him because of his race; and (B) terminated him in retaliation for complaining of unequal treatment to superiors.

### A. Discrimination Claim

A Title VII plaintiff may resist summary judgment using two related approaches that ultimately merge into a single inquiry. The first is the well-known burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under this method, a plaintiff must first establish a prima facie case by showing that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *Oliver v. Joint Logistics*

4

*Managers, Inc.,* 893 F.3d 408, 412 (7th Cir. 2018). If these elements are met, the burden shifts to the employer to provide a non-discriminatory reason for the action, which the plaintiff must then prove is a pretext for discrimination. *Id.*

The second approach is the holistic standard clarified in *Ortiz v. Werner Enters., Inc.,* 834 F.3d 760 (7th Cir. 2016). In *Ortiz,* the Seventh Circuit instructed district courts to move away from the distinction between direct and indirect evidence. Instead, the court must ask "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, religion, sex, or other proscribed factor caused the discharge or other adverse employment action." *Id.* at 765. The *McDonnell Douglas* framework remains a useful tool for organizing evidence, but it does not replace the ultimate inquiry under *Ortiz:* whether a reasonable jury could find that the plaintiff's protected status caused the adverse action. *Lewis v. Wilkie,* 909 F.3d 858, 866–67 (7th Cir. 2018).

Defendant argues that plaintiff cannot satisfy the second prong of the *McDonnell Douglas* framework because he was not meeting the company's legitimate performance expectations. Specifically, defendant asserts that plaintiff was terminated for "abrasive, disrespectful, and insubordinate behavior." (DE # 17 at 7.) In support of their contention, defendant has provided evidence that the company had received reports from Gevers and Garcia detailing negative interactions with plaintiff, as well as complaints from coworkers. (DE # 18 ¶¶ 25, 27–28.) In response, plaintiff offers his own affidavit asserting that he performed his role properly and was never disrespectful or argumentative. (DE # 24-1.) However, the Seventh Circuit has consistently held that a

plaintiff's self-serving appraisal of his own performance is insufficient to create a genuine dispute of fact. *See Igasaki v. Ill. Dep't of Fin. & Prof'l Reg.,* 988 F.3d 948, 958 (7th Cir. 2021) (noting that the proper inquiry is the employer's honest belief, not the employee's own perception of his performance).

Plaintiff further argues that his termination came without prior warnings or counseling. Defendant claims that plaintiff was indeed counseled regarding his conduct (DE # 18 ¶ 25), but even if the court accepts plaintiff's version—that no warning was given—this does not inherently establish that defendant's proffered reason for the termination was pretextual. The Seventh Circuit has made clear that Title VII does not require an employer to utilize progressive discipline or provide warnings. *See Fane v. Locke Reynolds, LLP,* 480 F.3d 534, 541 (7th Cir. 2007). In *Fane,* the plaintiff pointed to her lack of disciplinary warnings and her pay increases as evidence that she was performing adequately. *Id.* Thus, the plaintiff reasoned, her employer's proferred rationale for her firing – abrasiveness and insubordination – must be pretextual. *Id.* The Seventh Circuit rejected this argument, holding that her employer had no duty to warn her before terminating her, even if the reasons were "foolish, trivial, or baseless." *Id.; see also McCoy v. WGN Cont'l Broad. Co.,* 957 F.2d 368, 373 (7th Cir. 1992) ("[T]he issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers.").

Pretext requires more than a showing that the employer was mistaken or unfair; the plaintiff must point to evidence that will allow the inference that the employer's stated reason was a "lie." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.,* 860 F.3d 494, 500 (7th Cir. 2017). Because plaintiff has not provided any evidence from which the court might infer that defendant did not honestly believe plaintiff had been rude and insubordinate, he cannot establish pretext under the *McDonnell Douglas* burden-shifting framework. *Widmar v. Sun Chem. Corp.,* 772 F.3d 457, 464 (7th Cir. 2014) ("So long as Sun Chemical was not using its managerial decision as a foil for a discriminatory purpose, we must respect that decision.").

Even when viewed holistically under the *Ortiz* standard, the evidence does not permit a reasonable factfinder to conclude that plaintiff's race was the cause of his discharge. The record is devoid of evidence pointing to a discriminatory motive. The Seventh Circuit has frequently reminded litigants that a federal court should not function as "a super-personnel department that second-guesses employer policies that are facially legitimate." *Widmar,* 772 F.3d at 464. Whether defendant's decision to fire plaintiff was harsh, sudden, or unfair is not the question; the question is whether the decision was based on race. *See id.* No evidence suggests race played any part in plaintiff's termination. Accordingly, plaintiff's discrimination claim must fail under *Ortiz*.

### B.    Retaliation Claim

Plaintiff also raises a retaliation claim under Title VII. To establish a claim of retaliation, a plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse impact by his employer; and (3) there is a causal link between the protected expression and the adverse job action. *Miller v. Polaris Labs., LLC,* 797 F.3d 486, 492 (7th Cir. 2015). *Ortiz* also applies to retaliation claims, so the court considers the evidence as a whole. *See* 834 F.3d at 765-66. The fundamental question is whether a reasonable juror could infer retaliation. *Miller,* 797 F.3d at 492.

Plaintiff contends that he engaged in statutorily protected activity by making "oral reports of different treatment to management before being fired. I think they were made in 3-4 weeks before [termination] and to A.J. (Last name unknown)." (DE # 24-1 at 2.) But "[t]he mere fact that one event preceded another does nothing to prove that the first event caused the second. Rather, other circumstances must also be present which reasonably suggest that the two events are somehow related to one another." *Sauzek v. Exxon Coal USA, Inc.,* 202 F.3d 913, 918 (7th Cir. 2000) (finding insufficient evidence in record to support element of causation in retaliation claim). In this case, plaintiff has no other evidence to support his retaliation claim, other than the fact that his oral reports preceded his termination. The court cannot rely on this fact alone to reasonably conclude that the two events are causally related to one another. *Sauzek,* 202 F.3d at 918. Accordingly, no reasonable juror could infer that retaliation occurred in this case.

8

## IV.    CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is

**GRANTED.** (DE # 16.) The Clerk is instructed to **ENTER FINAL JUDGMENT** in this

case, stating:

> Judgment is entered in favor of Sortera Technologies, Inc., formerly known as Sortera Alloys, Inc.; and against plaintiff Terry L. Giddens, Jr., who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: March 16, 2026

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

9